UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHON M. MARK,

Plaintiff,

v. Case No. 26-cv-1093-pp

OFFICER DEFATTE,

Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND REQUIRING PLAINTIFF TO PAY FILING FEE, DENYING PLAINTIFF'S MOTION TO STAY (DKT. NO. 3) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 6)**

---

Plaintiff Jonathon M. Mark, who is incarcerated at the Wisconsin Secure Program Facility and is representing himself, filed a complaint, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed the lawsuit. See 28 U.S.C. §1915(h). Under the PLRA, an incarcerated person may not bring a civil lawsuit or appeal a civil judgment without prepaying the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). This is commonly known as the "three-strikes" provision; an incarcerated individual is said to have "struck out" once he or she has accrued three strikes under this section.

Court records show that the plaintiff has accumulated more than three strikes: (1) Mark v. Zagorski, Case No. 24-cv-430-pp (dismissed on September 20, 2024 for failure to state a claim); (2) Mark v. Zagorski, Case No. 24-cv-404-pp (dismissed on November 20, 2024 for failure to state a claim); (3) Mark v. Baumgartner, Case No. 25-cv-259-pp (dismissed on October 29, 2025 for failure to state a claim); (4) Mark v. Zagorski, Case No. 25-cv-308-pp (dismissed on October 29, 2025 for failure to state a claim); (5) Mark v. Fry, Case No. 25-cv-386-pp (dismissed on October 29, 2025 for failure to state a claim); (6) Mark v. Schmidt, Case No. 25-cv-392-pp (dismissed on October 29, 2025 for failure to state a claim); and (7) Mark v. Bukowiec, Case No. 25-cv-927-pp (dismissed on October 29, 2025 for failure to state a claim).

The plaintiff currently is incarcerated at the Wisconsin Secure Program Facility, and the complaint concerns events that occurred during a traffic stop on June 9, 2023. Dkt. No. 1. The plaintiff has not alleged that he is in imminent danger of serious physical injury, so he is not eligible for the "imminent danger of serious physical injury" exception to the "three strikes" provision under 28 U.S.C. §1915(g). The court will deny his motion for leave to proceed without prepaying the filing fee. This means that to proceed with this lawsuit the plaintiff must pay the civil case filing fee in full by the deadline the court will set below.

On the same day the plaintiff filed the complaint, he filed a motion to stay in which he states that he has been prohibited from gathering evidence to prove his claim against the defendant. Dkt. No. 3. He also states that he is challenging the "strikes" he has accumulated and that he believes he will succeed. Id. at 1. The plaintiff asserts that even if he does not succeed in removing the strikes he has received, he needs time to obtain money to pay the filing fee. Id. The plaintiff's challenge to the strikes described above has not been successful. On October 30, 2026, the Seventh Circuit Court of Appeals issued an order in five of the plaintiff's appeals denying his motions for leave to appeal without prepaying the filing fee and determining that the plaintiff "does not raise a good-faith argument that the district court erred in dismissing his complaints for failure to state a claim or that the district court improperly assessed his third strike." Mark v. Baumgartner, Appeal Nos. 26-2218, 26-2219, 26-2220, 26-2221, 26-2222 (7th Cir. Oct. 30, 2026). There is no need for a stay, so the court will deny the plaintiff's motion.

On July 2, 2026, the plaintiff filed a motion for extension of time to file a trust account statement. Dkt. No. 6. Because the court is denying the plaintiff's motion to proceed without prepaying the filing fee, he does not need to file a trust account statement. The court will deny as moot the plaintiff's motion for an extension of time.

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that if he wants to proceed with this case, the plaintiff must pay the clerk of court the full $405 civil case filing fee by the end of the day on **November 30, 2026**. The court will not take further action on this case unless and until it receives the full $405 filing fee. If the court does not receive the full $405 filing fee by the end of the day on November 30, 2026, the court will dismiss this case without prejudice and without further notice.

The court will send a copy of this order to the Warden at the Wisconsin Secure Program Facility, where the plaintiff is incarcerated.

The court **DENIES** the plaintiff's motion to stay. Dkt. No. 3.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 9th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**